[Crim. No. 7127.   Second Dist., Div. Two.   June 14, 1960.]

THE PEOPLE, Respondent, v. EDWARD DANIEL GREEN et al., Defendants; ARNETT CHARLES CARSON, Appellant.

Walter L. Gordon, Jr., for Appellant.

Stanley Mosk, Attorney General, and S. Clark Moore, Deputy Attorney General, for Respondent.

FOX, P. J.—Defendants Green and Carson were convicted of grand theft (Pen. Code, § 487, subd. 1) and forgery of a fictitious name (Pen. Code, § 470). Carson has appealed from the judgment and the order denying his motion for a new trial.

These offenses grew out of a transaction involving the pretended purchase of a ring from Mrs. Bernice Jones Gordon and the issuance of a check therefor by Carson, using a fictitious name as a drawer. By delivering the check to Mrs. Gordon, Green was enabled to get possession of the ring and then attempted to run away. He was apprehended by an officer and the ring was recovered.

Green's testimony indicated that Carson was the one who was purchasing the ring, and that he was merely assisting Carson in effecting the transaction.

Carson denied that he had any part in any conversation or plans to get the ring from Mrs. Gordon; he further denied that he told Green to give the check to her in order to get the ring.

The sole ground for appeal is that the trial court erred in refusing to give certain instructions relative to the testimony of an accomplice. We find no merit in this contention.

It should first be noted that Carson and Green were both charged with and convicted of the same offenses. Each defendant testified in his own behalf. Neither was called as a witness for or against the other. This presents the same procedural posture as that in *People* v. *Arends,* 155 Cal.App. 2d 496 [318 P.2d 532]. In that case, as here, two defendants were charged with the same offenses. It was there argued, as here, that the court erred in refusing to instruct the jury regarding the testimony of an accomplice. In disposing of that argument the court stated (pp. 512, 513) : ''We are persuaded that the court did not err in refusing to instruct the jury regarding the testimony of an accomplice because appellant and his codefendant were both charged with the same offenses. Neither was called as a witness for or against the other and the codefendant Stiller testified solely on his own behalf. In this situation it would have been highly improper and prejudicial to him had the court in any way indicated he was an accomplice and that his testimony should be viewed with caution. (Citations.)''

Applying this principle to the case at bar, it is clear that the trial court did not err in refusing to give the requested instructions. This conclusion is supported by *People* v. *Simmons,* 28 Cal.2d 699, 723 [172 P.2d 18]; *People* v. *Catlin,* 169 Cal.App.2d 247, 255 [337 P.2d 113]; and *People* v. *Burnette,* 39 Cal.App.2d 215, 231 [102 P.2d 799].

The judgment and order are affirmed.

Ashburn, J., and Richards, J. pro tem.,* concurred.

---

*Assigned by Chairman of Judicial Council.